```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

LARRY'S GIANT SUBS, INC., a Florida
corporation,

                Plaintiff,

v.                                              Case No. 3:07-cv-883-J-33MCR

GASTON CAPITAL INVESTMENTS, INC., a
Georgia corporation, and DWAYNE
GASTON, an individual,

                Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. # 3), filed on September 14, 2007. In its motion, Larry's Giant Subs, Inc., (LGSI) requests a temporary restraining order enjoining the defendants from operating a restaurant that appears to be a Larry's Giant Subs restaurant. LGSI supports its motion with facts stated in its verified complaint (Doc. # 1).

**I. Background**

LGSI is a franchisor of Larry's Giant Subs restaurants, which sell submarine-style sandwiches. (Doc. # 1, at 2.) These restaurants have a distinctive appearance, and employ certain trademarks. (Doc. # 1, at 3.) "LGSI has invested substantial effort developing its franchise system, including the expenditure of a significant amount of money to develop goodwill in its trade names and marks . . . ." (Doc. # 1, at 3.) In March 2003, LGSI

entered a franchise agreement with the defendants[1] under which Gaston Capital Investments (GCI) was licensed to operate a Larry's Giant Subs restaurant in Warner Robins, Georgia. (Doc. # 1, at 3.)

GCI failed to make certain royalty payments, and LGSI terminated the franchise agreement on August 24, 2007. (Doc. # 1, at 6.) Following termination, however, GCI continued to operate a restaurant that held itself out as a Larry's Giant Subs restaurant. (Doc. # 1, at 6.) LGSI filed this lawsuit on September 14, 2007. At the same time, LGSI filed the instant motion requesting a temporary restraining order that would enjoin the defendants from holding the restaurant out as an authorized Larry's Giant Subs restaurant. (See Doc. # 3, at 14.)

**II. Discussion**

Rule 65, Federal Rules of Civil Procedure, authorizes courts to issue temporary restraining orders without notice in certain exceptional situations. These situations are limited because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). Thus, Rule 65(b) provides,

---

[1] The parties to the franchise agreement were LGSI and Gaston Capital Investments, Inc. (Doc. # 1-2, at 2; Doc. # 1, at 3.) Dwayne Gaston provided a personal guarantee in favor of LGSI. (Doc. # 1-3; Doc. # 1, at 4.)

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

LGSI has not certified any efforts it has made to provide notice to the defendants. Nor has LGSI certified the reasons supporting the claim that notice should not be required in this case. LGSI merely states, "LGSI is entitled to a temporary restraining order because the harm to LGSI arising from GCI's actions is such that awaiting a hearing on LGSI's motion for a restraining order would severely outweigh any harm to GCI from the expediting of these proceedings." (Doc. # 3, at 3.) In describing the irreparable harm it faces, LGSI argues that it will lose goodwill and will be unable to re-enter this particular market while GCI is operating as a Larry's Giant Subs restaurant. (Doc. # 3, at 10-11.) It appears LGSI is arguing that this harm has already begun and will continue until an injunction issues. Thus, some amount of additional harm will accrue during the delay occasioned by notice and a hearing.

This is an insufficient reason to justify dispensing with notice. Ex parte restraining orders "should be restricted to

3

serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, 415 U.S. at 439. Here, though, LGSI seeks not to preserve the status quo but to stop the accrual of harm by <u>altering</u> the status quo. Moreover, LGSI's reason for dispensing with notice is of an altogether different character from the reasons courts ordinarily accept. Ex parte temporary restraining orders are ordinarily granted where it would be impossible to provide notice because the opposing party is either unknown or cannot be located in time for a hearing. See American Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984). An ex parte order may also be granted where notice would frustrate the further prosecution of the case, such as where the opposing party is likely to dispose of important evidence upon receiving notice but before entry of a restraining order. Id.; see also In re Vuitton et Fils S.A., 606 F.2d 1 (2d Cir. 1979). It is apparent that LGSI's reason is not closely analogous to these reasons, and LGSI has not argued to the contrary.

Thus, the Court declines to grant the requested temporary restraining order without notice. Instead, the Court sets a hearing on LGSI's motion for temporary restraining order, and directs that LGSI promptly provide notice to both defendants.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Court reserves judgment on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relieve (Doc. # 3) until after a hearing on the matter.

2. A hearing shall be held on LGSI's request for a temporary restraining order on Tuesday, September 25, 2007, at 4:00 p.m. This hearing shall be held in Courtroom 10D, U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida, 32202.

3. LGSI shall promptly serve upon both defendants copies of this Order, LGSI's motion (Doc. # 3), and the verified complaint (Doc. #1). LGSI shall promptly file proof of such service once accomplished.

4. The defendants shall file a memorandum in response to LGSI's motion, and any affidavits, by 5:00 p.m., on Monday, September 24, 2007.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>18th</u> day of September 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record